## Commonwealth vs. Vincent Casavant.

Hampden. November 6, 1997. - January 5, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Evidence,* Relevancy and materiality, State of mind, Hearsay, Self-defense. *Malice. Homicide. Self-Defense. Practice, Criminal,* Instructions to jury, Capital case.

At a murder trial, the judge properly within his discretion admitted evidence relevant to the defendant's state of mind, hence malice, balancing any inflammatory quality of the evidence against its probative value. [369]

A criminal defendant did not properly preserve for appellate review the issue of the admissibility of certain hearsay evidence; in any event, the judge did not abuse his discretion in excluding the evidence. [369-370]

At a murder trial, no instruction to the jury on the issue of self-defense was required, where the issue was not raised; and no likelihood of a miscarriage of justice was created by the lack of an instruction, where no view of the evidence would have warranted a reasonable doubt whether the defendant took all proper means to avoid physical combat before attacking the smaller, unarmed victim with a knife. [370]

INDICTMENT found and returned in the Superior Court Department on April 21, 1993.

The case was tried before *Daniel A. Ford,* J.

*David P. Hoose* for the defendant.

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant was convicted of murder in the first degree on the theories of deliberate premeditation and extreme atrocity or cruelty. He raises two evidentiary issues and one challenge to the judge's instructions to the jury. There was no error. We affirm the conviction. There is no basis for granting the defendant relief under G. L. c. 278, § 33E. The circumstances of the victim's killing provide no basis for the reduction of the verdict.

The defendant admitted to killing the victim by stabbing her. The jury would have been warranted in finding the following

facts. After drinking with friends at a bar in Springfield on the evening of April 6, 1993, the defendant drove his father's motor vehicle around downtown Springfield looking for a prostitute. He found the victim, who entered the vehicle. The two had an argument. The defendant choked the victim until she passed out and then stabbed her in the chest four times. He left her almost naked body near his place of employment. The defendant made up a story to explain the blood in the vehicle, claiming that he had been attacked. The police found reason to disbelieve his explanation. Ultimately, in circumstances that are not challenged here, the defendant confessed to the killing. The defendant told the police that he had a problem with alcohol and that he loses his mind when he drinks. The issues argued on appeal bear not on whether the defendant killed the victim but rather on whether he should have received a verdict less than guilty of murder in the first degree.

1. The judge admitted in evidence, solely on the issue of malice, a five-inch perfume aerosol can that was found in the victim's vagina. The defendant argues that the evidence was not relevant and was, in any event, prejudicially inflammatory. The circumstances in which the victim's nearly naked body was found, legs spread apart, and evidence tending to prove that the victim did not place the can in her vagina herself warranted an inference that the defendant did so after her death. See *Commonwealth* v. *Bennett*, 424 Mass. 64, 68 (1997); *Commonwealth* v. *Campbell*, 378 Mass. 680, 689-690 (1979). The evidence was relevant to show the defendant's state of mind and hence malice. See *Commonwealth* v. *Harvey*, 397 Mass. 803, 810 (1986); *Commonwealth* v. *Zitano*, 23 Mass. App. Ct. 403, 406-407 (1987). The judge acted within his considerable discretion to balance whatever inflammatory quality it had against its probativity and to admit the evidence. See *Commonwealth* v. *Filos*, 420 Mass. 348, 356 (1995).

2. The defendant objects to the judge's decision to exclude testimony from a defense witness that the defendant had told her of his fear of being assaulted. On appeal the defendant argues that defense counsel would have used that evidence to explain to the jury why the defendant had had a knife in his car while roaming the streets of Springfield late at night looking for a prostitute. The judge excluded the statement as hearsay. The evidence was at most marginally relevant; its date was not disclosed; and it was hearsay. When the judge noted that the

statement was hearsay, the defendant made no claim, as he now does, that the state of mind exception to the hearsay rule applied. The issue argued to us was not properly preserved for appellate review and does not involve a substantial likelihood of a miscarriage of justice. In any event, the judge did not err in the exercise of his discretion to exclude the evidence.

3. We reject the defendant's argument that the judge should have instructed the jury on voluntary manslaughter based on the use of excessive force in self-defense. Not only did defense counsel not request such an instruction, he explicitly agreed that the evidence did not warrant one. The defendant asserts that the evidence permitted the conclusion that he acted with excessive force in self-defense and that the absence of an instruction on voluntary manslaughter, based on the use of excessive force in self-defense, created a substantial likelihood of a miscarriage of justice. The defendant's right to act in self-defense was not raised in any description of how the victim died. Hence no instruction on self-defense was required. That is so at least because no view of the evidence would have warranted a reasonable doubt as to whether the defendant took all proper means to avoid physical combat before attacking his smaller, unarmed victim with a knife. See *Commonwealth* v. *Curtis*, 417 Mass. 619, 632 (1994).

*Judgment affirmed.*